Daniel, J.
It seems to me that this case must be governed by the rules and principles declared in Raines v. Barker, just decided by this court. There is nothing in the language of the will from which to infer an intention on the part of the testatrix to dispose of lands to be acquired after the date of her will. It is proved, however, that the testatrix owned no lands or real estate at the date of her will, and as by a residuary clause she gives the balance of her property “ of every sort or description, real or personal,” to the appellant, it is argued that the testatrix must have contemplated the future acquisition of real estate, and intended it should pass by this clause, as otherwise the word “real” is left without meaning, and superfluous : and that the court ought not to presume that the testatrix used a word of such important meaning without a purpose. The argument is not without show of force; Yet when we see that the testatrix has used no language referring in terms to to any land she might thereafter acquire, but on the contrary, in the commencement of the will, declares her purpose simply of disposing of what worldly effects she then owned, and that she was ignorant and illiterate, and consequently not apt to assign exact meaning and value to the language she might use, it seems *138 that there is no such manifestation of the purpose of the testatrix to dispose of after acquired lands, as would justify us in making this case an exception to the general rule.
I am for affirming the decree.
The other judges concurred in the opinion of Daniel, J.
Decree affirmed.